UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MERCEDES CARDENAS, | § § § | |
| Plaintiff, | § § | No. _____ |
| v. | § § | |
| CACH, LLC, and DOES 1-10, | § § | |
| Defendant(s). | § § § | |

**ORIGINAL COMPLAINT**

Plaintiff MERCEDES CARDENAS, for her Petition against Defendant(s) and each of them, alleges as follows:

**A. Introduction**

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.[1]

2. MERCEDES CARDENAS (hereinafter "Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of CACH, LLC (hereinafter "Defendant"), with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

---
[1] 15 U.S.C. 1692(a)-(e)

3. For the purposes of this Complaint for Damages, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives and insurers of Defendant(s) named in this caption.

## B. Jurisdiction

4. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1367 for supplemental state law claims.

5. This action arises out of Defendants' violations of the following: the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692 *et seq.*, the Texas Debt Collection Practices Act (TDCPA), Tex. Fin. Code Ann. §§ 392.001, *et seq.*, and the Texas Deceptive Trade Practices-Consumer Protection Act (DTPCPA), Tex. Bus. & Com. Code Ann. §§ 17.01, *et seq*.

6. Because Defendant does business within the State of Texas, personal jurisdiction is established.

## C. Venue

7. Venue is proper pursuant to 28 U.S.C. § 1391, as a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## D. Parties

8. Plaintiff is a natural person who resides in the City of Houston, County of Harris, State of Texas, and is allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

9. Plaintiff is informed and believes, and thereon alleges, that Defendant is a company operating from the City of Denver, County of Denver, State of Colorado.

10. Plaintiff is informed and believes, and thereon alleges, that Defendant conducted business within the City of Houston, County of Harris, State of Texas.

11. Plaintiff is informed and believes, and thereon alleges, that Defendant is a person who

uses an instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are "debt collectors" as that term is defined by 15 U.S.C. §1692a(6).

12. Plaintiff is informed and believes, and thereon alleges, that Defendant is a person who directly or indirectly engages in debt collection and is therefore a "debt collector" as that term is defined by Tex. Fin. Code Ann. §392.001(6).

### E.  Facts

13. At all times relevant, Plaintiff was an individual residing within the State of Texas.

14. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendant conducted business in the State of Texas.

15. Plaintiff allegedly incurred financial obligations to Defendant that were primarily for personal, family or household purposes and are therefore "debt(s)" as that term is defined by 15 U.S.C. §1692a(5).

16. In June 2013, Defendant contacted Plaintiff's phone in its attempts to collect on the alleged debt. On this occasion, Samantha, Plaintiff's eighteen-year-old daughter, answered the phone and spoke to a representative of Defendant. The representative informed Samantha that Defendant was trying to reach Plaintiff. Defendant also informed Samantha that it was trying to collect money from Plaintiff and that Plaintiff had a debt with Defendant. Because Defendant communicated with someone other than Plaintiff, in connection with the collection of a debt, Defendant violated 15 U.S.C. §1692c(b). Furthermore, because Defendant stated that Plaintiff owes a debt when communicating with Samantha, Defendant violated 15 U.S.C. §1692b(2).

17. In June 2013, shortly after Defendant spoke with Samantha, Defendant called Plaintiff's cell phone and spoke to Plaintiff about the alleged debt. Plaintiff explained that she was unable to make any kind payment plan with Defendant. Furthermore, Plaintiff requested that Defendant

stop calling her.

18. Despite Plaintiff's requests, Defendant continued to call Plaintiff's cell phone. Plaintiff estimates that from June 2013 to December 2013, Defendant called her cell phone up to three times a day and anywhere from six to fifteen times per week. Plaintiff repeatedly told Defendant to stop calling her. Defendant deliberately ignored Plaintiff's requests and continued to call. As such, Defendant displayed the intent to annoy, abuse, or harass Plaintiff by calling continuously and engaging in repeated telephone conversation, thus violating 15 U.S.C. § 1692d(5). Defendant's conduct also had the natural consequence of harassing, oppressing, or abusing Plaintiff, thus violating 15 U.S.C. § 1692d. Furthermore, Defendant's conduct violated Tex. Fin. Code Ann. § 392.302(4).

19. Between June 2013 and December 2013, Defendant contacted Plaintiff at least one hundred eighty (180) times. These calls all came after Plaintiff requested that Defendant stop calling her. As such, Defendant made these calls with the intent to harass Plaintiff. Thus, Defendant violated Tex. Fin. Code Ann. § 392.302(4) at least one hundred eighty (180) times.

### F.  FIRST CAUSE OF ACTION
**Violations of the Fair Debt Collection Practices Act (FDCPA)**
**15 U.S.C. § 1692 *et seq.***

20. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692 et seq.

22. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00

pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

### G.  SECOND CAUSE OF ACTION
### Violations of the Texas Debt Collection Practices Act (TDCPA)
### Tex. Fin. Code Ann. §§ 392.001, *et seq*.

23. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TDCPA, including but not limited to each and every one of the above-cited provisions of the TDCPA, Tex. Fin. Code Ann. §§ 392.001, *et seq*.

25. As a result of each and every violation of the TDCPA, Plaintiff is entitled to any actual damages pursuant to Tex. Fin. Code Ann. § 392.403(a)(2); statutory damages in an amount up to $100 for each violation pursuant to Tex. Fin. Code Ann. § 392.403(e); and attorney's fees reasonably related to the amount of work performed and costs pursuant to Tex. Fin. Code Ann. § 392.403(b) from Defendant.

### H.  PRAYER

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

**Fair Debt Collection Practices Act**

- an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) in an amount to be adduced at trial, from Defendant;
- an award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), from Defendant; and
- an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant.

**Texas Debt Collection Practices Act**

- an award of actual damages pursuant to Tex. Fin. Code Ann. § 392.403(a)(2) in an amount to be adduced at trial, from Defendant;
- an award of statutory damages of $100 for each violation pursuant to Tex. Fin. Code Ann. § 392.403(e), from Defendant;
- an award of attorney's fees reasonably related to the amount of work performed and costs pursuant to Tex. Fin. Code Ann. § 392.403(b), from Defendant.

Respectfully submitted,

Dated this 30th day of December 2014  */s/ Mathew K. Higbee*
Mathew K. Higbee, Esq.
TX Bar No. 24076924
HIGBEE & ASSOCIATES
1504 Brookhollow Dr. Suite 112
Santa Ana, CA 92705-5418
Tel. (714) 617-8385
Fax (714) 617-8511
Email: mhigbee@higbeeassociates.com
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I certify that on this 30th day of December 2014, a true and correct copy of the above document was served on the following:

Dana Perminas, Esq.
Messer, Stilp & Strickler, Ltd.
166 W. Washington. Suite 300
Chicago, Illinois 60602

*/s/ Mathew K. Higbee*
Mathew K. Higbee
HIGBEE & ASSOCIATES
1504 Brookhollow Dr. Suite 112
Santa Ana, CA 92705-5418
Tel. (714) 617-8385
Fax (714) 617-8511
Email: mhigbee@higbeeassociates.com